UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Darren Littlejohn,

             Petitioner,

   vs.                          REPORT AND RECOMMENDATION

Dwight L. Fondren,

             Respondent.        Civ. No. 08-4757 (RHK/RLE)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I.  Introduction.

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Petition of Darren Littlejohn for a Writ of Habeas

Corpus under Title 28 U.S.C. §2241.  For reasons which follow, we recommend that

the Petition for a Writ of Habeas Corpus be summarily dismissed, for lack of

jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The

United States District Courts.[1]

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must
dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules
(continued...)

## II. <u>Factual and Procedural Background</u>

In 1998, criminal charges were filed against the Petitioner in the United States District Court for the Southern District of Iowa for alleged violations of the Federal drug laws. The Petitioner later pled guilty to some of those charges and, on July 3, 2000, he was sentenced to 262 months in Federal prison. The Petitioner is currently serving his sentence at the Federal Correctional Institution, in Sandstone, Minnesota.

After the Petitioner was sentenced, he filed a direct appeal with our Court of Appeals, in which he challenged the validity of his sentence on several grounds. The Court of Appeals rejected the Petitioner's claims on the merits, and affirmed his conviction and sentence. See, <u>United States v. Littlejohn</u>, 8 Fed.Appx. 586 (8th Cir. 2001).

The Petitioner later challenged his sentence again, by filing a Motion under Title 28 U.S.C. §2255. The Motion was denied, and our Court of Appeals declined

---

[1](...continued)
Governing Section 2254 Cases are most directly applicable to Habeas petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas cases brought under Title 28 U.S.C. §2241. See, <u>Rule 1(b) of The Rules Governing Section 2254 Cases</u>; see also, <u>Mickelson v. United States</u>, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002), citing <u>Rothstein v. Pavlick</u>, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990), and <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989).

to review the matter on appeal.  See, <u>Petition</u>, <u>Docket No. 1</u>, at p. 4, ¶15(a).  The Petitioner then attempted to revive his Section 2255 claims by bringing a Motion under Rule 60(b), Federal Rules of Civil Procedure, and by seeking a Writ of Mandamus, but those efforts were unsuccessful as well.  <u>Id.</u> at pp. 5-6, ¶15(b)-(c).

The Petitioner is now attempting to challenge his conviction and sentence, in a Habeas Corpus Petition brought under Title 28 U.S.C. §2241.  The current Petition presents two claims for relief:  (1) "[w]hether Petitioner is in custody under or by color of the authority of the United States," and (2) whether "Petitioner is in custody in violation of the Constitution or laws of the United States."  <u>Id.</u> at pp. 7-8, ¶16.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner's current challenge to his conviction and sentence is not cognizable in a Habeas Corpus Petition brought under Title 28 U.S.C. §2241.

## III.  <u>Discussion</u>

As a general rule, a Federal prisoner can maintain a collateral challenge to his conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  See, <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his conviction or sentence.  See, Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No court has jurisdiction over a Federal prisoner's collateral attack against his conviction or sentence, under Title 28 U.S.C. §2241, unless the prisoner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same).  The "inadequate or ineffective

remedy" exception is sometimes called the "savings clause," see, <u>Abdullah v. Hedrick</u>, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of his Federal criminal conviction by the United States District Court in the Southern District of Iowa. Therefore, we find that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule, which means that the Petitioner cannot pursue his current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of his detention."

In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255. The matter can then be transferred to the Trial Court, for a substantive review of the prisoner's claims. Here, however, the Petitioner is precluded from seeking relief under Section 2255, because he has previously, and unsuccessfully, sought relief through a Section 2255 Motion, and because any Section 2255 Motion would now be time-barred by the one (1) year statute of limitations which is applicable to such Motions. See, <u>Title 28 U.S.C. §2255(f) and (h)</u>.

- 5 -

The Petitioner may believe that Section 2255 is "inadequate or ineffective to test the legality" of his conviction and sentence, simply because the Trial Court, and our Court of Appeals, have refused to grant his requested relief.  Alternatively, the Petitioner may believe that he can challenge his conviction and sentence, in a Section 2241 Habeas proceeding, pursuant to Section 2255's savings clause, simply because his past efforts have been unsuccessful, and because he is no longer eligible for relief under Section 2255.  Such reasoning must be rejected.

Our Court of Appeals has plainly stated that Section 2255 will **not** be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * * or because a second or successive [Section] 2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) [citations omitted]; see also, Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of

a fundamental defect in his conviction or sentence because the law changed" after he

had his opportunity to seek relief under Section 2255.  In re Davenport, 147 F.3d 605,

611 (7th Cir. 1998).  In other words, "[Section] 2255 is not inadequate or ineffective,"

"where a petitioner had any opportunity to present his claim beforehand."  Abdullah

v. Hedrick, supra at 963.

Here, it is plain that the Petitioner's current claims cannot be brought under

Section 2241, because those claims could have been raised in his direct appeal, or in

his Section 2255 Motion.  The remedy provided by Section 2255 is not "inadequate

or ineffective," simply because the Petitioner failed to raise his current claims for

relief in his direct appeal, or in his previous Section 2255 Motion, as explained by our

Court of Appeals:

> [T]he Due Process Clause of our Constitution does not
> require that a petitioner have more than one unobstructed
> procedural opportunity to challenge his conviction.  "That
> does not mean he took the shot, or even that he or his
> attorney recognized the shot was there for the taking.  All
> the Constitution requires, if it requires that much, is that the
> procedural opportunity have existed."

Abdullah v. Hedrick, supra at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244
(11th Cir. 1999).

Again, the Petitioner, here, could have raised all of his current claims for relief in his

direct appeal, or in his Section 2255 motion.  The Petitioner cannot qualify for Section

- 7 -

2255's savings clause, simply because he failed to raise his current claims when he had the chance.

Since the savings clause exception is not available to the Petitioner, his present Section 2241 Habeas Corpus Petition, which challenges his Federal criminal conviction and sentence, is barred by the Section 2255 exclusive remedy rule, and cannot be entertained here.  See, <u>Bauer v. Ashcroft</u>, 2003 WL 541692 at *2 (D.Minn., February 19, 2003).   Accordingly, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction.  See, <u>DeSimone v. Lacy</u>, supra at 323-24 (Section 2241 Habeas Petition challenging Judgment entered in a prior criminal case was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that Section 2255 motion was an inadequate or ineffective remedy); <u>Abdullah v. Hedrick</u>, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition.").

NOW, THEREFORE, It is –

RECOMMENDED:

That the Petition for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be summarily dismissed, for lack of jurisdiction.


Dated:  July 29, 2008                    *s/Raymond L. Erickson*
                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE  JUDGE


# N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 15, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 15, 2008**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.